IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VICKIE WITHROW                                    PLAINTIFF

vs.                             Civil No. 2:14-cv-02257

CAROLYN W. COLVIN                               DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Vickie Withrow ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

      Plaintiff protectively filed an application for DIB on November 18, 2009.  (Tr. 19, 107-108). Plaintiff alleged she was disabled due to rotator cuff pain, headaches, high blood pressure, and pain in right knee.  (Tr. 125).  Plaintiff alleged an onset date of January 1, 1997.  (Tr. 125).  This application was denied initially and again upon reconsideration.  (Tr. 58-59, 62-67).  Thereafter, Plaintiff requested an administrative hearing on her application and this hearing request was granted.

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

1

(Tr. 68).

Plaintiff's administrative hearing was held on July 20, 2010. (Tr. 32-57). On October 8, 2010, an ALJ issued an unfavorable decision finding Plaintiff not disabled. (Tr. 19-26). The Appeals Council denied Plaintiff's request for review of the ALJ's decision on January 27, 2012. (Tr. 1-3). Plaintiff then appealed the decision to this Court, which reversed and remanded the case to the Commissioner on January 3, 2013, for the ALJ to perform a credibility analysis under *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). (Tr. 389-396). In accordance with the Court's order, on February 27, 2013, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ for further proceedings consistent with the Court's order, including offering an opportunity for a new hearing and issuing a new decision. (Tr. 402).

Plaintiff's second administrative hearing was held on April 11, 2013. (Tr. 342-374). Plaintiff was present and was represented by counsel, Fred Caddell, at this hearing. *Id.* Plaintiff testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-five (55) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had completed the twelfth grade of high school but did not graduate. (Tr. 345).

On August 21, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 323-329). In this decision, the ALJ determined the Plaintiff last met the insured status of the Act on March 31, 2006. (Tr. 325, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 1997. (Tr. 325, Finding 2).

The ALJ determined Plaintiff had medically determinable impairments of headaches and arthritis. (Tr. 325, Finding 3). However, the ALJ also found Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months, and therefore, she did not have a severe impairment or

combination of impairments.  (Tr. 325, Finding 4).  The ALJ then concluded Plaintiff was not disabled from her alleged onset date of January 1, 1997, through March 31, 2006, the date last insured.  (Tr. 329, Finding 5).

On December 15, 2014, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on February 2, 2015.  ECF No. 7.  Both Parties have filed appeal briefs.  ECF Nos. 9, 10.  This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines

3

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ improperly considered her severe impairments and failed to find her headaches severe. ECF No. 9, Pgs. 6-10. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10.

A "severe impairment is defined as one which 'significantly limits [the claimant's] physical

or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (*quoting* 20 C.F.R. § 416.920(c)). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 416.921. Alleged impairments may not be considered severe when they are stabilized by treatment and otherwise are generally unsupported by the medical record. *Johnston v. Apfel*, 210 F.3d 870, 875 (8th Cir. 2000); *see also Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000) (plaintiff bears the burden to establish severe impairments at Step Two of the sequential evaluation).

Plaintiff claims the ALJ erred in failing to evaluate the severity of Plaintiff's impairments, specifically he did not find her headaches to be a severe impairment. ECF No. 9, Pg. 6-10. The Court finds the ALJ did not fail to evaluate the severity of Plaintiff's medically determinable impairments, but rather found the impairments to be nonsevere.

To begin with, pain is a symptom, not an impairment. *See* 20 C.F.R. § 404.1529(a), *see also In re Heckler*, 751 F.2d 954, 955 n.1 (8th Cir. 1984) (noting that "pain is a symptom, not an impairment"). Furthermore, there is evidence in the decision showing the ALJ fully considered her complaints of headaches.

As the ALJ discussed, the medical record of Plaintiff's treatment for headaches does support a finding of severe headaches. (Tr. 327). Plaintiff went to the Sparks Regional Medical Center emergency room on June 18, 2003 for a headache with nausea and vomiting. (Tr. 292-293). On October 8, 2003, Plaintiff was seen by Dr. Richard Heck at the AHEC Clinic complaining of migraine headaches that were worse upon waking up and caused occasional dizziness. (Tr. 222). Dr. Heck assessed migraines and prescribed medication. (Tr. 224). Plaintiff returned to AHEC on

October 23, 2003 for follow up on her migraines. (Tr. 220). Plaintiff indicated her medication took the pain away for only 30 minutes, the pain was pretty much constant, and she had watering of her eyes and blurring of her vision. *Id.* Plaintiff was diagnosed with tension headache; prescribed medications for 10 days, and told to follow up in 2 weeks. (Tr. 221). However, as the ALJ pointed out, Plaintiff did not have follow up or seek further treatment for her headaches prior to her date last insured for headaches of March 31, 2006. (Tr. 327).

Therefore, the medical record indicates Plaintiff did not have migraine headaches for at least 6 years from her alleged onset date of January 1, 1997 to April 2003, and did not receive any treatment from her last visit for headaches on October 23, 2003 through the date last insured of March 31, 2006. (Tr. 220). As the ALJ properly noted, this medical record showed "only short-term health problems which did not cause more than a minimal limitation in her ability to do basic work activities" (Tr. 329).

The ALJ also relied on medical expert, Dr. James R. Armstrong, who reviewed the available medical evidence and answered interrogatories about Plaintiff's conditions in April and May of 2013. (Tr. 490-507). Dr. Armstrong stated Plaintiff's history of migraines caused unspecified limitations beginning in 2003. (Tr. 503). However, in a letter dated May 10, 2013, Dr. Armstrong clarified that during the period from January 1997 to March 2006, Plaintiff could not perform work activities while experiencing a migraine, but the evidence regarding the frequency and severity of the migraines was "scanty at best." (Tr. 506).

The discussion of Plaintiff's non-severe impairments along with the ALJ's language indicating that he fully considered all impairments, including those that were not severe, showed the ALJ considered the combined effect of Plaintiff's impairments. *See Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011); *Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005). Further, the ALJ

properly found Plaintiff's headaches were not severe.

Based on the foregoing, the Court finds there is substantial evidence to support the ALJ finding he properly evaluated the severity of the Plaintiff's impairments and finding of Plaintiff being not disabled.

## 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of December 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE